UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEKSANDER GORBATENKO,<br><br>    Petitioner,<br><br>    v.<br><br>SWAIN, et al.,<br><br>    Respondents. | No. 2:16-cv-0537 DB P<br><br><br><br>ORDER |

Petitioner is a federal prisoner proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2241. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is the petition, which was filed on March 14, 2016. For the reasons set forth below, this court will dismiss the petition and provide petitioner an opportunity to amend the petition.

## BACKGROUND

Petitioner initiated this action in 2016 by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Petitioner challenges his conditions of confinement, alleging that correctional officers at FCI Herlong retaliated against petitioner and unnecessarily harassed him by planting narcotics in his shoe and issuing an incident report about the find.

////

////

1

**SCREENING**

**I.      Legal Standards**

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039, 1042–43 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

**II.     Discussion**

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).

Relief by way of a writ of habeas corpus extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of

that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). To receive relief under 28 U.S.C. § 2241, a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); United States v. Jalili, 925 F.2d 889, 893–94 (6th Cir. 1991) (asserting petitioner should be housed at a community treatment center); Barden v. Keohane, 921 F.2d 476, 479 (3d Cir. 1991) (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990) (challenging content of inaccurate pre-sentence report used to deny parole).

Petitioner asserts that a correctional officer entered his empty cell ahead of other correctional officers who were to conduct a search. (ECF No. 1 at 7.) Petitioner alleges that the first correctional officer planted drugs, which were found by the officers searching the cell. (Id.) That evening, petitioner alleges that he was given an Incident Report documenting that narcotics were found in his cell. (Id. at 7-8.) Petitioner labels this ground for habeas relief as "unnecessary harassment and retaliation." (Id. at 3, 7.) He claims that he "was set up" by a correctional officer who had previously threatened him after earlier investigations by this officer resulted in no violations. (Id. at 8.)

While petitioner states that he was placed in the Special Housing Unit (SHU) while the matter was investigated (asserting that he received the Incident Report while he was in SHU), he does not present any facts concerning the ultimate consequences stemming from the incident. Specifically, petitioner does not allege any facts concerning disciplinary proceedings or punitive measures entered against him by prison authorities.

Habeas corpus jurisdiction is available for a prisoner's claims that he has been subjected to greater restrictions of his liberty, such as disciplinary segregation, without due process of law. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989). Federal regulations create a liberty interest in not being subjected to disciplinary segregation without due process of law. Id.; see

Hewitt v. Helms, 459 U.S. 460, 466–472 (1983) (holding that a state statutory framework and the punitive nature of segregation created a liberty interest); Zimmerlee v. Keeney, 831 F.2d 183, 186 (9th Cir. 1987) (assuming that habeas petitioner had a protected liberty interest in not being subject to disciplinary segregation).

Additionally, unlike § 2255, § 2241 does not contain language limiting jurisdiction under § 2241 to petitioners who are "claiming the right to be released." 28 U.S.C. § 2255; compare United States v. Thiele, 314 F.3d 399, 401 (9th Cir. 2002) (challenge to restitution order not cognizable under § 2255 because petitioner was not claiming right to be released) with Montano–Figueroa, 162 F.3d at 549 (challenge to timing and amount fine payments cognizable under § 2241's execution clause). Accordingly, § 2241 may be used to challenge the execution of a prisoner's sentence, even where the prisoner does not seek release or to shorten the duration of his confinement. See, e.g., Rodriguez v. Smith, 541 F.3d 1180, 1182 (9th Cir. 2008); Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000) (entertaining petitioner's challenge to his transfer to a private prison as a challenge to the execution of his sentence pursuant to § 2241); see also Montano–Figueroa v. Crabtree, 162 F.3d 548, 549 (9th Cir. 1998) (reaching the merits of petitioner's § 2241 challenge to the amount and timing of fine payments); United States v. Lemoine, 546 F.3d 1042, 1046 (9th Cir. 2008) (entertaining § 2241 challenge to restitution schedule); Giddings, 740 F.2d at 772 ("Review of the execution of a sentence may be had through petition for writ of habeas corpus under 28 U.S.C. § 2241.").

Here, petitioner's claims concern conditions of confinement that do not necessarily bear a relationship to the legality or duration of his confinement. As the undersigned noted above, the petition describes an alleged incident where a correctional officer planted drugs in petitioner's cell; however, the petition does not describe the outcome of this incident. In particular, petitioner does not allege that this incident resulted in greater restrictions of his liberty, such as disciplinary segregation, without due process of law. See Bostic, 884 F.2d at 1269. In the prayer for relief, the petition requests: 1) a full investigation into the prison administration's purported violations of civil rights; 2) all "good time" lost over a period of years be given back; and 3) a transfer to a low security prison or one that is closer to his home. (ECF No. 1 at 6.)

While one of the requests for relief alludes to "good time" lost (presumably referring to "good time credits" earned against a sentence), the petition does not allege that petitioner lost any credits as a result of the incident in question. Additionally, this request for relief seeks "all the 'good time' lost over years/past" to be given back. (Id.) Thus, it is not clear that petitioner is seeking to recover any credits lost from this incident; the phrasing for the request indicates that petitioner is generally seeking good time credits that were earned and/or lost concerning unrelated incidents or time periods.

In light of the foregoing, the court lacks habeas corpus jurisdiction over the claim as currently presented. Accordingly, the petition must be dismissed. However, a petitioner's challenge to the constitutionality of a sanction of disciplinary segregation and/or a claim that disciplinary proceedings were the product of retaliation by prison staff are cognizable in a habeas proceeding pursuant to § 2241. See Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (habeas corpus is available pursuant to § 2241 for claims concerning denial of good time credits or subjection to greater restrictions of liberty, such as disciplinary segregation, without due process of law); Cardenas v. Adler, No. 1:09–cv–00831–AWI–JLT–HC, 2010 WL 2180378 (E.D. Cal. May 28, 2010). Therefore, the court will grant petitioner an opportunity to amend the petition to show a cognizable claim for habeas relief.

Until petitioner has filed a habeas petition in which he alleges at least one claim that is cognizable under 28 U.S.C. § 2241, this court will not proceed to ordering that the petition be served.

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Petitioner's petition (ECF No. 1) is dismissed with leave to amend.

2. Within thirty days of the date of this order, petitioner shall file an amended petition. The amended petition shall include the case number assigned to this action and shall be titled "First Amended Petition." Petitioner is warned that the court cannot refer to his prior petition to make his First Amended Petition complete. Petitioner must include all claims for habeas corpus relief in his first amended petition.

////

3. The Clerk of the Court is directed to send petitioner a copy of the form used in this district for pursuing a writ of habeas corpus under 28 U.S.C. § 2241.

4. Petitioner is warned that his failure to comply with this order may result in dismissal of this action.

Dated: May 22, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.HABEAS / gorb.0537.scrn